consider whatever judgment we have here in satisfaction of our claim against him; the court having said that is the reasonable amount."

The defendant moved to dismiss—

"on the ground there is no evidence here to show that the plaintiff has incurred any damage whatsoever by reason of the warrant of attachment. The fact that a charge is going to be made against him some time, but has not been made against him, does not bind these defendants."

The court reserved its decision, and the defendant rested after calling one witness, whose testimony, it was stipulated, would be "that the order in question was signed at 10:15 o'clock on the morning of December 8th, and that the services of the plaintiff's attorneys are of the reasonable value of $25," and that he would further testify "that he made a copy of this order of vacatur, and served it on the attorneys for Mr. Marks, on the same day; that he mailed it on December 8th."

Upon this evidence, the justice below was not justified in rendering judgment in favor of the defendant, because it was sufficient to show, as held by this court in Epstein v. U. S. Fidelity & Guaranty Co., 29 Misc. Rep. 295, 298, 60 N. Y. Supp. 527, following Crounse v. Syracuse, C. & N. Y. R. R. Co., 32 Hun, 497, which was affirmed, without opinion, in 97 N. Y. 631, that the plaintiff had incurred a liability, without showing that it had been paid, and the value of services of counsel retained to vacate the attachment was a part of the damages sustained. The judgment must therefore be reversed, and the cause remanded.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

CARLETON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term.   June 25, 1909.)

CARRIERS (§ 158*)—INJURY TO GOODS—LIMITED LIABILITY.

In an action for injuries to various pieces of household goods, transported by full car load under a bill of lading for "H. H. Goods, 12,000 (lbs.)," "value restricted to $5.00 per 100 lbs.," plaintiff's recovery was not restricted to the rate of $5 per 100 pounds for each article damaged, but her whole recovery was limited to $600.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 158.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Bertha J. Carleton against the New York Central & Hudson River Railroad Company, impleaded with another. From a judgment of the New York City Court in favor of plaintiff, defendant railway company appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Alex. S. Lyman, for appellant.
Russell H. Robbins, for respondent.

MacLEAN, J. From the facts appearing, over scant objections and without contradictions, the contentions of the appellant's counsel are more quirksful and converting. The plaintiff, bringing her household goods, well packed, boxed, and crated, from her Massachusetts residence to her town house, shipped them at Brookline, "a pretty large car load, two tiers," as said the defendant's yardman in New York, in the New York Central's car, whence they were taken to the warehouse in this city of the other defendant, which does not appeal, and thence to her house, where, on the unpacking, they were found badly broken and damaged. The jury's verdict was for $293 against the storage company and $600 against the New York Central, whose bill of lading for "H. H. Goods, 12,000 (lbs.)," had marked upon it, "Value restricted to $5.00 per 100 lbs." The shipment was made up, truly, of parcels large and small, of little size and weight, of large bulk and heavy; but from the description the shipment as a whole, and not as of individual articles, must be deemed as in the mutual contemplation of the parties making and acceding to the limitations of liability by the hundredweight.

Now it is contended, with citation of cases in states over the Union, mostly horse cases, cases of mules, sheep, jacks, and other live stock affreighted by the head, in Arkansas, Indiana, Illinois, Minnesota, Missouri, Montana, North Carolina, Tennessee, and Texas, that the learned trial justice erred by declining substantially to make a new contract for the parties, in refusing to charge that the recovery could be had only on the basis of the weight of the separate articles at the rate of $5 per 100 pounds, which would have been in derogation of the contract pleaded by the defendant and containing the saving limitation by the hundredweight. It complains, also, that the learned trial justice in effect instructed the jury that a verdict might be found against the defendant for $600, because that in a colloquy the court remarked, to compose counsel's fears that the verdict might be for more, that it would not allow a judgment against the New York Central for more than $600. To that no exception was taken. The judgment must be affirmed.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., dissents.